■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO ROSA, Appellant. — Judgment, Supreme Court, Bronx County (Zimmerman, J.), rendered January 30, 1979, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him to concurrent indeterminate terms of imprisonment of 20 years to life on the murder conviction and 8⅓ to 25 years on the robbery conviction, modified, as a matter of discretion in the interest of justice, by reducing the sentence on the murder conviction to 15 years to life, and, as modified, otherwise affirmed. Considering all the relevant facts in the record and the defendant's background, we find the sentence excessive to the extent indicated. We find no merit to the other points raised in the defendant's briefs. Concur — Murphy, P.J., Birns, Ross and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTORIANO RIVERA, Appellant. — Judgment of the Supreme Court, Bronx County (Zimmerman, J.), rendered November 15, 1979, convicting defendant upon his plea of guilty to the crime of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39) and sentencing him to an indeterminate term of not less than three nor more than nine years, unanimously modified, on the law, to sentence defendant to an indeterminate term of not less than one nor more than three years, and otherwise affirmed. A series of misunderstandings by the District Attorney, defense counsel and the court resulted in the imposition upon defendant of a sentence in excess of the term of one to three years which had been negotiated. It is clear that when defendant originally entered his plea of guilty to the crime of criminal sale of a controlled substance in the second degree, an A-II felony, he was promised, and it was the intention of all parties that he receive a sentence eventually of one to three years. When it was ascertained that such sentence could not legally be imposed for an A-II felony, he was permitted to withdraw his plea and plead instead to an A-III felony. There again was a misunderstanding as to the sentence that could be imposed. The District Attorney erroneously informed the court that for an A-III felony the sentence had to be three years to life, with a resentence possibility pursuant to section 60.09 of the Penal Law of three to nine years. After pleading guilty to an A-III felony, defendant could have received a sentence of one year to life (Penal Law, § 70.00, subd 2, par [a]; subd 3, par [a]) with a resentence possibility of one to three years, the original sentence for which he had bargained (Penal Law, § 60.09, subd b). Inasmuch as the People do not on this appeal oppose defendant's application to modify his sentence, it is only appropriate in these circumstances, where a misinterpretation of the law prevented defendant from receiving the bargained-for sentence, that such sentence be imposed. Concur — Murphy, P.J., Birns, Ross and Markewich, JJ.